IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

DAVID SHELTON                                                                                    PLAINTIFF

VS.                                                                    CIVIL ACTION NO. 2:11CV137-MPM-JMV

NIDEC MOTORS INC.                                                                          DEFENDANT

**ORDER**

THIS MATTER is before the court on motion of the plaintiff to amend the complaint, improperly docketed as an amended complaint (#21). After considering the motion and the response thereto, the court finds as follows:

On June 23, 2011, plaintiff filed his original complaint in this court alleging racial discrimination and retaliation in violation of Title VII of the Civil Right Act of 1964. Defendant filed an amended complaint on October 21, 2011, and this court granted and deemed the complaint amended on November 15, 2011.

The plaintiffs' deadline for amending pleadings and joining parties expired on December 28, 2011, and discovery closed on March 28, 2011. Plaintiff filed a motion to amend his complaint, incorrectly docketed as an amended complaint, on January 24, 2012, almost a month after the deadline for amending pleadings. The proposed amendment appears to add two new causes of action: (1) violation of "freedom of speech" [sic] and (2) "play games with FMLA papers" [sic].

Rule 16(b) governs amendment of the pleadings after a scheduling order deadline has expired. See *S & W Enterprises, L.L.C. v. SouthTrust Bank Of Alabama, NA*, 315 F.3d 533, 535-36 (5th Cir. 2003). Rule 16(b) provides that a scheduling order "shall not be modified except upon a showing of good cause . . . ." Fed. R. Civ. P. 16(b). To determine whether good cause exists, the

court looks to: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *See Southwest Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply. In that instance, "rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires,'" *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 597 (5th Cir. 1981), and, therefore, leave to amend should not be denied without a substantial reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the present case, the plaintiff has not provided good cause to show why he delayed in filing his motion to amend or the necessity of the amendments. In fact, the very allegations of the proposed amendment are vague and disjointed. Additionally, to add new claims after the close of discovery and after the amendment deadline would prejudice the defense.

Because the plaintiff had adequate opportunity to amend his complaint prior to the amendment deadline and has offered no good faith reason for a delay and because undue prejudice would undoubtedly be suffered by the defendant should the amendment be allowed, the plaintiff's motion to amend the complaint shall be DENIED.

SO ORDERED AND ADJUDGED, THIS, the 27th day of April, 2012.

/s/Jane M. Virden
UNITED STATES MAGISTRATE JUDGE